Esso Standard Oil Co. (P. R.) et al., Petitioners, *v.* Capital of Puerto Rico, etc., et al., Respondents.

No. 12339.  Submitted November 5, 1957.—Decided November 18, 1957.

*Beverley, Castro & López Baralt, José Carbia Miranda* and *R. Rodríguez Lebrón* for petitioners. *Alberto Picó* for respondents.

Per Curiam.

This is a petition for injunction pendente lite to enjoin the collection of certain municipal license taxes levied by the Government of the Capital for the year 1956–57.  The petitioners allege that such levy is void and illegal and that the remedy provided by § 32 (*a*) of Act No. 99 of 1931 (21 L.P.R.A. § 465) is inadequate because it fails to provide for the payment of interest on the taxes paid under protest in the event the court orders their refund.  The defendants in turn deny that such remedy is inadequate because, if the action for

refund proves to be successful, the petitioners would be entitled to legal interest as of the date the tax was paid under protest. They further allege that injunction does not lie to prevent the collection of taxes levied by the Government of the Capital pursuant to the provisions of § 678 of the Code of Civil Procedure (32 L.P.R.A. § 3524) and § 32(a) of Act No. 99 *supra*.

■■ In our opinion, whenever a refund of taxes paid under protest to the Government of the Capital is ordered, pursuant to the proceeding established in § 32(*a*) of Act No. 99 of 1931 (21 L.P.R.A. § 465), the court should allow legal interest to the plaintiff on the amount of the taxes as of the date of payment. An identical doctrine has been established under § 14 of Act No. 26 of 1914 (21 L.P.R.A. § 634) with respect to the other municipalities. See *The Shell Co. (P. R), Ltd.* v. *Báez*, and *Esso Standard Oil Co. (P. R.)* v. *Báez*, both decided on December 12, 1956.

Therefore, it is obvious that the petitioners have an adequate remedy at law and that is sufficient to deny the present petition for injunction in aid of our appellate jurisdiction, without considering here the other questions raised by the defendant. Hence, the rule for payment of interest which was erroneously applied in *West India Oil Co. (P. R.)* v. *Benítez, City Mgr.*, 51 P.R.R. 266 (1937); *Plaza Provision Co., Inc.* v. *Benítez, City Mgr.*, 51 P.R.R. 636 (1937); *West India Oil Co.* v. *City Manager et al.*, 54 P.R.R. 362 (1939); and *Andréu, Aguilar & Co.* v. *Benítez, Mgr.*, 56 P.R.R. 554 (1940), is overruled.

The petition for injunction pendente lite will be denied.

Mr. Chief Justice Sifre did not participate herein.